UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**UNDRAY LOVE,**
**INSTITUTIONAL ID NO. 02383027,**

 Plaintiff,

v.                No. 4:22-cv-0423-P

**OFFICER T. THORSELL, ET AL.,**

 Defendants.

### MEMORANDUM OPINION & ORDER

 In this civil-rights action, Plaintiff Undray Love complains about an incident that occurred when he was being held as a pretrial detainee in Tarrant County Green Bay Jail. *See* ECF No. 6. Love alleges that, on October 28, 2021, two jail officers—Defendants Officer T. Thorsell and Corporal Phylicia N. Hollie—used excessive force against him, causing him to sustain injuries. As a result of the same incident, Love was convicted of assaulting a public servant and sentenced to two years' imprisonment. He is currently incarcerated in the TDCJ Michael Unit.

 Proceeding pro se and *in forma pauperis* ("IFP"), Love seeks monetary damages and injunctive relief under 42 U.S.C. § 1983. For the following reasons, the Court **DISMISSES** Love's Amended Complaint.

### BACKGROUND

 Although the precise factual circumstances surrounding the incident are unclear to the Court, Love alleges that he was "preparing food" when an unidentified jail officer called a code. Love contends that he followed the officer's instructions to return to his bunk area "when [Thorsell] grabbed [his] wrist, snitched the food out of [his] hand [and] then followed these actions with a very aggressive elbow coming toward [him]…" *See* ECF No. 6 at 4. Love ducked, causing him to fall to the ground with Thorsell, where he was subsequently handcuffed. *Id.* Love

alleges that Hollie maced him *after* he had been handcuffed, causing his eyes to burn. *See* ECF No. 10 at 5–6.

## LEGAL STANDARDS

### A. Nature of Claims

Before a district court adjudicates the merits of a pro se prisoner's claim, it should review and decipher the underlying nature and essence of the claim, regardless of the title affixed to the suit. *See Odom v. West*, 174 F.3d 198, 1999 WL 153008, at *1 (5th Cir. 1999) (citing *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983)).

A § 1983 action is the appropriate remedy for recovering damages for illegal state action. *Taylor v. Cass Cnty. Dist. Ct.,* 178 F.3d 1291, 1999 WL 236119, at *1 (5th Cir. 1999) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). The writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Deters v. Collins*, 985 F.2d 789, 792–96 (5th Cir. 1993).

### B. 28 U.S.C. § 1915

A district court *must* dismiss a prisoner's IFP complaint if, at any time, it determines that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant that is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Norwood v. O'Hare*, 404 F. App'x 923, 924 (5th Cir. 2010).

Dismissals for failure to state a claim under § 1915(e) are reviewed de novo, using the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (citing *Praylor v. Tex. Dep't of Crim. Just.,* 430 F.3d 1208, 1209 (5th Cir. 2005)). Under the 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but the plaintiff must allege facts that support each element of the cause of action in order to state a valid claim. *See City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 154–55 (5th Cir. 2010) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.")). The court does

not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *City of Clinton, Ark.*, 632 F.3d at 153 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### C. 42 U.S.C. § 1983

To state a claim for relief under 42 U.S.C. § 1983, the plaintiff must allege that (1) some person has deprived him of a federal right; and (2) that the person acted under color of state or territorial law. *See Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

1. Capacities

Section 1983 claims may be brought against persons in their individual or official capacity, or against a governmental entity. *See Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009) (citations omitted). Personal-capacity suits seek to impose liability upon a government official as an individual while official-capacity suits generally represent another way of pleading an action against the entity of which an officer is an agent. *Id.* (citing *Monell v. New York City Dep't of Social Serv.'s*, 436 U.S. 658, 690 n. 55 (1978)).

In order to recover damages under § 1983 from municipal employees in their *official* capacities, a plaintiff must demonstrate that the municipality itself is liable for the alleged unlawful conduct. Municipalities are only liable if their official policies or customs cause injuries to the plaintiff. *Id.*

2. Excessive Force

Because Love complains about events that occurred while he was a pretrial detainee, his claims are governed by the Due Process Clause rather than the Eighth Amendment. *See Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993) (citing *Valencia v. Wiggins*, 981 F.2d 1440 (5th Cir. 1993)). Regardless, Love's excessive-force claims are still analyzed under the same standard applicable to an Eighth Amendment excessive-force claim. *See Haddix v. Kerss*, 203 F. App'x 551, 554 (5th Cir. 2006) (citing *Jackson*, 94 F.2d at 700)).

To prevail on such a claim, a plaintiff bears the burden of showing (1) an injury; (2) which resulted directly and only form the use of force

that was excessive to the need; and (3) the force used was objectively unreasonable. *See Haddix*, 203 F. App'x at 554 (citations omitted).

In evaluating excessive-force claims under the Eighth Amendment, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Cowart v. Erwin*, 837 F.3d 444, 452 (5th Cir. 2016) (citing *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992)). The focus of this standard is on the official's subjective intent to punish, which is determined by reference to the well-known *Hudson* factors—the extent of injury suffered; the need for application of force; the relationship between that need and the amount of force used; the threat reasonably perceived by the responsible officials; and any efforts made to temper the severity of a forceful response. *See Cowart*, 837 F.3d at 452–53 (citations omitted).

Although a showing of "significant injury" is no longer required, the plaintiff must allege that he suffered at least some form of injury. *See Haddix*, 203 F. App'x at 554 (citations omitted). The plaintiff must have suffered a more than *de minimis* physical injury, but there is no categorical requirement that the physical injury be significant, serious, or more than minor. *See Roberson v. Dallas Cnty.*, 207 F.3d 658, 2000 WL 122449, at *1 (5th Cir. 2000) (citing *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999)). The extent of the injury may supply insight as to the amount of force applied. *See Cowart*, 837 F.3d at 453.

## ANALYSIS

After reviewing Love's Amended Complaint and Answers to the Court's Questionnaire, the Court concludes that he raises both habeas and § 1983 claims in this action. The Court will address each category below.

### A. Habeas Claims

Love admits that, as a result of this incident, he was convicted of assaulting a peace officer. *See* ECF No. 10 at 1–2. He seeks to challenge the legality of that conviction here. *Id.* at. 2. Specifically, Love asks the Court to vacate his conviction and sentence. *See* ECF No. 6 at 4; *see also* ECF No. 10 at 2.

4

Because Love is challenging the legality of his current confinement, the Court concludes that his claim for injunctive relief is habeas in nature and not cognizable under § 1983. *See Brown v. Estelle*, 530 F.2d 1280, 1282–84 (5th Cir. 1976) (citing *Braden v. 30th Judicial Circuit Ct. of Kentucky*, 410 U.S. 484 (1973)). The Court, therefore, concludes that it lacks jurisdiction to adjudicate this claim under § 1983.

**B. § 1983 Claims**

Love seeks to recover monetary damages from Defendants Thorsell and Hollie for their alleged unlawful use of force against him.

1. Corporal Phylicia N. Hollie

Love alleges that Hollie maced him after he "was already on the ground with handcuffs on behind [his] back." *See* ECF No. 10 at 5. In essence, Love contends that Hollie's use of force was excessive because, when she applied it, Love had already been restrained and did not otherwise pose a threat. He claims that Hollie's use of force caused him to sustain "burning eyes." *Id.* at 6.

However, Love specifically states that he is suing Hollie—presumably a Tarrant County employee—in her *official* capacity only. *See* ECF No. 10 at 2. As previously noted, to recover damages from Hollie in that capacity, Love must demonstrate that Tarrant County is liable for Hollie's conduct.

Love fails to do so here. He does not event allege, much less plead any facts to show, that Tarrant County had any type of policy or custom that is responsible for this incident. The Court, therefore, concludes that Love has failed to state a plausible § 1983 claim against Hollie in her official capacity.[1]

---

[1] Alternatively, even if Love had sued Hollie in her individual capacity, the Court concludes that such claim would fail because Love does not allege that he suffered more than a *de minimis* injury. *See Bradshaw v. Unknown Lieutenant*, 48 F. App'x 106, 2002 WL 31017404, at *1 (5th Cir. 2002) (finding that alleged injuries including burning eyes and skin for approximately 24 hours as a result of the use of mace constituted *de minimis* injuries). Here, Love describes his injury as "burning eyes." That's it. He does not allege how long his eyes burned or that he sought any medical treatment. Moreover, the fact that Love was subsequently convicted of assaulting a public servant as a result of this incident strongly suggests that the use of mace was objectively reasonable under the circumstances.

2. Officer T. Thorsell

Love sues Thorsell in his individual and official capacities. *See* ECF No. 10 at 2. He alleges that Thorsell "grabbed [his] left wrist and with no hesitation proceeded to use unnecessary forces." *Id.* at 4. He insists that Thorsell "came on the [scene] with the intent to harm" because he grabbed Love's hand, snatched soup from his hand, and proceeded to "use brutal force." *Id.*

But Love admits that he was not injured as a result of Thorsell's conduct. *Id.* at 6. This is fatal to Love's claim because establishing that he sustained some form of injury is an essential element of his excessive-force claim. *See Haddix*, 203 F. App'x at 554.

Because Love has failed to plead a constitutional violation, the Court concludes that he has failed to state a plausible § 1983 claim against Thorsell.[2]

## CONCLUSION

For the foregoing reasons, Love's habeas claim is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.[3]

Love's § 1983 claims against Defendants Thorsell and Hollie are **DISMISSED WITH PREJUDICE** for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED** on this **31st day** of **March, 2023.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

---

[2] For the same reasons stated in the Court's analysis of Love's § 1983 claim brought against Hollie in her official capacity, the Court concludes that Love has likewise failed to state a plausible § 1983 claim against Thorsell in his official capacity.

[3] This order does not prohibit Love from attempting to raise his habeas claims in a procedurally correct manner. However, should Love choose to do so, the Court expresses no opinion on the merits of his claims.